IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE UNITED STATES OF AMERICA

    vs.

JOSE MORALES-GONZALEZ
A.K.A: Nuni

Case Number: 3:97CR-155-02 (JAF)

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MOTION NOTIFYING SUPERVISED RELEASE VIOLATIONS AND
REQUEST FOR THE ISSUANCE OF A WARRANT

TO THE HON. JOSE A. FUSTE, CHIEF
UNITED STATES DISTRICT JUDGE
DISTRICT OF PUERTO RICO

    **COMES NOW, DAMARYS I. TELLADO, UNITED STATES PROBATION OFFICER** of this Honorable Court, presenting an official report upon the conduct and attitude of releasee, José Morales-González, who on March 18, 1998, was sentenced to ninety-seven (97) months of imprisonment followed by a four (4) year term of supervised release. Mr. Morales-González was convicted of violating Title 18, United States Code, Section 2114 (a) 2.

    In addition to the imposed term of supervised release, Mr. Morales-González was ordered to participate in a substance abuse program, vocational training and/or job placement, provide access to financial information upon request, submit to urinalysis and abide by all other standard and special conditions imposed. Mr. Morales-González began the imposed term of release on August 19, 2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Releasee has not complied with the following conditions of his term of supervision:

**1. VIOLATION OF STANDARD CONDITION NO. 2: "THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICER AS DIRECTED BY THE COURT OR PROBATION OFFICER AND SHALL SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH."**

Mr. Morales-González failed to call on a weekly basis to brief the undersigned on his job seeking efforts as instructed during a home visit conducted on November 1, 2005. In addition, monthly supervision reports are not being submitted on a timely basis.

**2. VIOLATION OF STANDARD CONDITION NO. 3: "THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER."**

On April 28, June 15, 2005, March 8 and 15, 2006, the releasee failed to report to scheduled counseling sessions and urinalysis with the drug treatment provider. On February 7, 2006, he failed to report to scheduled appointment with his Probation Officer.

**3. VIOLATION OF STANDARD CONDITION NO. 5: "THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING, TRAINING, OR OTHER ACCEPTABLE REASONS."**

The releasee has not demonstrated any effort in securing a stable employment.

**4. VIOLATION OF STANDARD CONDITION NO. 6: "THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN SEVENTY-TWO HOURS OF ANY CHANGE IN RESIDENCE OR EMPLOYMENT."**

The releasee failed to notify on more than one occasion that he had either begun working or changed employments.

**5. VIOLATION OF STANDARD CONDITION NO. 7: "THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL AND SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE, OR ADMINISTER ANY NARCOTIC OR OTHER CONTROLLED SUBSTANCE, OR ANY PARAPHERNALIA RELATED TO SUCH SUBSTANCES, EXCEPT AS PRESCRIBED BY A PHYSICIAN."**

Mr. Morales-González tested positive to cocaine on March 1, 2005, and on March 6, 2006. He submitted a written statement admitting the use of cocaine detected on March 6, 2006.

**6. VIOLATION OF STANDARD CONDITION NO. 11: "THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN SEVENTY-TWO HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER."**

On February 3, 2006, this officer learned of an incident involving death threats which Mr. Morales-González had received and his visit to the Puerto Rico Police Department in search of protection . Although said incident occurred sometime in January 2006, it was not until he was personally confronted with the information on February 7, 2006, that he provided details of the incident.

**WHEREFORE,** I declare under penalty of perjury, that the foregoing is true and correct. In light of the aforementioned, it is respectfully requested, unless the Court rules otherwise, that a warrant be issued so that Mr. Morales-González may be brought before the Court to show cause

why his term of supervision in the above-entitled case should not be revoked; thereupon, he be dealt with pursuant to law.

In San Juan, Puerto Rico, this 29th day of March 2006.

Respectfully submitted,

s/Damarys I. Tellado
U.S. Probation Officer
150 Ave. Carlos Chardón , Room 400
San Juan, P.R. 00918-1741
(787) 771-1401/ (787) 766-5596
Fax: (787) 766-5945
damarys_tellado@prp.uscourts.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 29, 2006, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant U.S. Attorney, José Ruíz-Santiago and to the Defense Attorney, Laura Maldonado.

s/Damarys I. Tellado
U.S. Probation Officer
150 Ave. Carlos Chardón , Room 400
San Juan, P.R. 00918-1741
(787) 771-1401/ (787) 766-5596
Fax: (787) 766-5945
damarys_tellado@prp.uscourts.gov

DT/